UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **HUBERT ARVIE** | **DOCKET NO. 2:23-cv-0717** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CATHEDRAL OF FAITH MISSIONARY BAPTIST CHURCH, ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the court are the original and amended civil rights complaints [docs. 1,5, 17] filed pursuant to 42 U.S.C. § 1983, La. R.S. §§ 37:218, 12:208(A); LA C.C.Arts. 2315-1216, 2324, 1953, 1997, 2997; La. C.C.P. Arts. 1871, 3601, 3781, 3861, 3864 and 3901, by plaintiff Hubert Avrie, who is proceeding pro se and *in forma pauperis* in this matter.

For reasons stated below **IT IS RECOMMENDED** that the complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted, and for seeking money damages against a defendant who is immune from suit, pursuant to the provisions of 28 U.S.C. § 1915(e)(2).

## I.
### BACKGROUND

Plaintiff brings the instant suit against the following defendants: Cathedral of Faith Missionary Baptist Church, Darryl Washington, Lankton Doucet, Kenneth Smith, Michael K Cox, Richard Wilson, Somer G Brown, Wilshire Insurance Co, Martin T Ceaser, Carl R White, Jimmy R Stevens, Tara E Clement, Robert I Siegel, Patrick O Weilbaecher, David Smeltz, Shannon J Gremillion, Charlie G Fitzgerald, Gary J Ortego, Elizabeth A Pickett, Deputy Clerk Heather, H Lynn Jones, Thomas Cole, Jacko Fontenot, Courtnie Anderson, Claydon Davis, Dusty Higgs, Van C Seneca, L Paul Foreman, Christian D Chesson, James H Gibson, Calcasieu Parish Government,

State of Louisiana, Letha Reed, Anna M Grand, Jackson Ritchie, Cox Cox Filo Camel Wilson & Brown LLC, Kenneth Miller, Matt Slomiony, Robert Campbell, Terry L Arvie, Gieger Laborde & Laperouse LLC, David Kent Savoie, Van H Kyzar, Sharon D Wilson, H Guy Bradberry, Kenneth Miller, Wilbur Stiles, Candyce Perret, Jonathan Perry, Ledricka J Thierry, Ulysses G Thibodeaux, Marc T Amy, Paulin Joseph Laborde, Jr, Renee Simien, Debbie Stevens, Melodie Manuel, John L Weimer, William J Crain, Scott J Crichton, Jefferson D Hughes, III, Jay B McCallum, Piper D Griffin, James T Genovese, Catherine Babin, Patricia Fernandez, Louisiana Farm Bureau Casualty Insurance Co, Dan Dinnis, Jimmy Dole, Merric Dejean, Government Employees Insurance Co, Geico Casualty Co, Warren E Buffett, Olza Minor Nicely, Bill Roberts, Shane Wheeler, Connie Lynch, Todd Combs, Amanda Treadwell, Del Mars Building, Del Mar Roofing, Jeffery Allen Goudeau, Morris Mark Stogner, Kimberly Fuselier, Leah Cook, Taylor Porter Brooks & Phillips LLP, Charles A Porter, David J Williams, Tonda Moreland, and Augustine Walker.

The instant civil rights suit appears to stem from an insurance dispute following Hurricane Laura in Lake Charles, Louisiana in August 2020. However, in three rambling and disjointed complaints, plaintiff alleges various claims against numerous defendants ranging from members of the church parish conspiring to remove him from church leadership to Louisiana state court judges mishandling of the insurance lawsuit.

## II.
## Law & Analysis

### A. *Frivolity Review*

Plaintiff is not a prisoner; however, he is proceeding in forma pauperis. Doc. 6. District courts have authority under Section 1915 to dismiss a complaint sua sponte where the complaint "(1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief." *Malone v. La. Dep't of Safety*

*& Corr.*, 2017 U.S. Dist. LEXIS 151143 (W.D. La. Aug. 25, 2017) (citations omitted); *see Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A court may dismiss a complaint under this standard "if it lacks an arguable basis in law or fact." *Id.*; *see Moore v. Mabus*, 976 F.2d 268, 269-70 (5th Cir. 1992) (explaining the distinction between factual and legal frivolousness in in forma pauperis complaints). Although courts construe pro se filings liberally in this context, dismissal is appropriate where the claims have no chance of success, *Id.; cf. Booker v. Koonce*, 2 F.3d 114, 115-16 (5th Cir. 1993) (noting dismissal of claims with "some chance" of success is inappropriate at screening stage but affirming dismissal where pro se plaintiff's claim "[was] based upon an indisputably meritless legal theory"). Moreover, "[t]he statute applies equally to prisoner and non-prisoner cases." *Id.; see, e.g., Booker*, 2 F.3d at 115 (applying Section 1915 to non-prisoner, former arrestee who claimed wrongful arrest and affirming dismissal under Section 1915); *Patel v. United Airlines*, 620 F. App'x 352 (5th Cir. 2015) (per curiam) (applying Section 1915 to non-prisoner pro se litigant); *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) (per curiam) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs."). The Court finds in accord with these authorities that Section 1915(e)(2)(B) applies to non-prisoners and prisoners alike and, accordingly, has performed an initial review of the allegations.

### B. *Section 1983/Bivens*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained

of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. *Judicial Immunity*

Plaintiff sues the following judicial officials: Louisiana Supreme Court Justices John L. Weimer, William J. Crain, Scott J. Crichton, Jefferson D. Hughes, III, Jay B. McCallum, Piper D. Griffin and James T. Genovese; Louisiana Third Circuit Court of Appeals Judges Shannon J. Gremillion, Charlie G. Fitzgerald, Gary Ortego, Elizabeth A. Pickett, Van H. Kyzer, Sharon D. Wilson, H. Guy Bradberry, Wilbur Stiles, Ulysses G. Thibodeaux, Candyce Perret, Jonathan Perry and Ledricka J. Theirry; Louisiana State Court Judges Claydon Davis and Charles A. Porter; Louisiana Supreme Court Administrative Officer Catherine Babin; Third Circuit Court of Appeals Deputy Clerks Heather, Debbie Stevens and Melodie Manuel, and Supervisory Clerk Renee Simien ; 14th Judicial District Court Clerks H. Lynn Jones, Thomas Cole, Jacko Fontenot, Courtnie Anderson; and Judicial Assistant Dusty Higgs.

It is well settled that "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir.1994); *Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir.1995) (per curiam); *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir.1993), *abrogated on other grounds by Arvie v. Broussard,* 42 F.3d 249 (5th Cir.1994). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *Brandley v. Keeshan*, 64 F.3d 196, 200-201 (5th Cir.1995), *cert. denied*, 516 U.S. 1129 (1996). Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). "Although unfairness and injustice to a litigant may result on

occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.' " *Id*. at 10, 112 S.Ct. 286 (citation omitted).

Judicial immunity is a matter of policy and is necessary because a judge "... should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption [and] [i]mposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation." *Pierson v. Ray,* 386 U.S. 547, 554 (1967). Consequently, judicial immunity cannot be overcome even by allegations of bad faith or malice; such immunity "applies even when the judge is accused of acting maliciously and corruptly." *Id*. at 11, 112 S.Ct. 286 (internal quotation marks and citation omitted). In determining whether a judge is entitled to immunity, "[i]t is the Judge's actions alone, not intent, that we must consider." *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir.1993).

Judicial immunity can only be defeated by showing that the judge's actions were of a non-judicial nature or that he acted in the complete absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). In determining whether the complained of actions were non-judicial in nature, that is to say, whether the judge acted outside the scope of his judicial capacity, the court should consider a variety of factors: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *Malina*, 994 F.2d at 1124 (citation omitted). These factors must be broadly construed in favor of immunity. *Id*.

Courts use the "functional" approach in deciding whether an act is judicial for purposes of immunity. *Cleavinger v. Saxner*, 474 U.S. 193, 201-02 (1985). The issue of "immunity analysis rests on the status of the defendant. Absolute immunity flows not from rank or title or 'location within the Government,' but from the nature of the responsibilities of the individual official." *Id*. In deciding whether absolute judicial immunity applies, a court should consider the nature of the act taken, namely whether it is a function normally performed by a judge, and the expectations of the parties, namely whether they dealt with the judge in his judicial capacity. *Stump v. Sparkman,* 435 U.S. 349, 362 (1978).

Plaintiff's claims against the above-named judicial officials arise out of numerous civil and criminal matters spanning decades. The gravamen of his complaint centers around the 2023 lawsuit filed in the 14th Judicial District Court, presided over by Judge Davis. Plaintiff attacks numerous rulings made by Judge Davis including denial of a motion to recuse and denial of plaintiff's request for preliminary injunction. He also faults the state appellate court judges for the manner in which they ruled upon motions heard by those courts. Clearly, plaintiff sues the judges for acts that arose out of their normal judicial function and they are entitled to absolute judicial immunity.

Moreover, plaintiff's claims against the judicial officials- clerks, administrative officers and assistants, must also fail. The Fifth Circuit has held that court personnel - including the Clerk of Court - are entitled to absolute immunity from suit to the extent that they are acting at the judge's direction. *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir.2001) (holding that court clerks are entitled to absolute immunity for acts they are specifically required to do under court order or at a judge's discretion). A judge's law clerk is also absolutely immune from damage claims arising from actions taken by the law clerk in assisting the judge in carrying out his judicial functions. *Mitchell*

*v. McBryde,* 944 F.2d 229, 230 (5th Cir.1991). The Court officials named herein are thus immune from suit.

### D. *Eleventh Amendment Immunity*

As to plaintiff's claims against the State of Louisiana, the Eleventh Amendment bars a federal court from "entertain[ing] a suit brought by a citizen against his own State." *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry,* 799 F.2d 183, 185-86 (5th Cir.1986). Although a state may waive its Eleventh Amendment sovereign immunity, the State of Louisiana has not done so. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed "unequivocally"). Thus, plaintiff's claims against the state must be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii).

### E. *Calcasieu Parish*

Plaintiff has sued Calcasieu Parish*.* In order to hold a Louisiana parish liable under Section 1983 for the misconduct of its employees, a civil rights plaintiff must allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy this requirement, the plaintiff must allege that the custom or policy he has identified either served as a moving force behind the constitutional violation at issue or that his injury resulted from the execution of an official policy or custom. The description of a policy and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts. Spiller *v. City of Texas City, Police Department*, 130 F.3d 162, 167 (5th Cir.1997) Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." *Colle v. Brazos County, Texas*, 981 F.2d 237, 245 (5th Cir.1993). Plaintiff has failed to do so.

*F. State Actors*

Under § 1983, individuals maintain a private right of action to redress the violation of constitutional rights or federal law by those acting under color of state law. *Tex. Mfr'd. Hous. Ass'n, Inc. v. City of Nederland*, 101 F.3d 1095, 1106 (5th Cir. 1996). The statute is not itself a source of substantive rights, but rather it "merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 114 S. Ct. 807, 811 (1994) (quoting *Baker v. McCollan,* 99 S. Ct. 2689, 2694, n.3 (1979)). To state a claim of relief under § 1983, the plaintiff must allege that defendants were persons acting under color of state law who deprived him of a right secured by the Constitution or the laws of the United States. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 119 S. Ct. 977, 985 (1999); *Augustine v. Doe*, 740 F.2d 322, 324-25 (5th Cir. 1984). A private person or non-state actor may also be liable under § 1983 if there is some proof of an overt joint action taken with the State or one of its agents, to violate his constitutional rights. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980); *Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993); *Hobbs v. Hawkins*, 968 F.2d 471, 480 (5th Cir. 1992).

Plaintiff's claims against his church, Cathedral of Faith Missionary Baptist Church, individuals, Darryl Washington, Lankton Doucet, Kenneth Smith, Tonda Moreland and Augustine Walker, and Pastors Martin T. Ceaser, Carl R. White, Jimmy R. Stevens, Terry L. Avrie are barred because these individuals are not state actors, nor has plaintiff provided any proof of an overt joint action taken with the State or one of its agents to violate his constitutional rights.

The Court also concludes that Plaintiff has not alleged sufficient facts to fulfill the state action requirement against Wilshire Insurance Company, Louisiana Farm Bureau Casualty Insurance Company, and Government Employees Insurance Co. (GEICO); claims adjusters David Smeltz, Kenneth Miller, Matt Slomiony, Dan Dinnis, Jimmy Dole and Amanda Treadwell; GEICO

executives Olza Minor Nicely, Bill Roberts, Shane Wheeler and Todd Combs; Del Mars Building, Del Mar Roofing, Morris Mark Stogner, Kimberly Fuselier, Jeffery Allen Goudeau, Merric Defejan and Warrden Buffett. Accordingly, Plaintiff cannot state a § 1983 claim against them.

Finally, claims against attorneys Michael K. Cox, Richard Wilson, Somer G. Brown, Tara E. Clement, Robert I. Siegel, Patrick O. Weilbaecher, Van C. Seneca, L. Paul Foreman, Christian D. Chesson, James H. Gibson, Anna M. Grand, Jackson Ritchie, Marc T. Amy, Paulin Joseph Laborde, Jr. Leah Cook, David J. Williams, Connie Lync, the law firms of Taylor Porter Brooks & Phillips, Cox Cox Filo Camel Wilson & Brown , LLC, Geiger Laborde & Laperouse, LLC, are barred because they are not state actors. A private attorney is not a state actor within the meaning of Section 1983. *See Mouton v. Louisiana*, 547 Fed. Appx. 502, 502-03 (5th Cir. 2013). For the same reasons, claims against paralegal Letha Reed and legal secretary Patricia Fernandez are barred.

### III.
#### CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted, and for seeking money damages against a defendant who is immune from suit, pursuant to the provisions of 28 U.S.C. § 1915(e)(2)..

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 9th day of October, 2024.

*[signature]*

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**