UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **HUBERT ARVIE** | **CASE NO. 2:23-CV-00717** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CATHEDRAL OF FAITH MISSIONARY BAPTIST CHURCH ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM ORDER

Before the court are a Supplemental Motion for Recusal and Motion to Alter Judgment [doc. 32] filed by plaintiff Hubert Arvie. The motions follow a ruling by the undersigned adopting the Report and Recommendation of the Magistrate Judge, which resulted in dismissal of plaintiff's claims as frivolous, and denying plaintiff's motion to amend. Docs. 28, 29. Arvie now alleges that the undersigned must recuse himself and vacate that judgment because of connections with Judge Clayton Davis of the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana.[1] The undersigned denied his previous motion, made on substantially similar grounds. *See* docs. 30, 31.

A judge is only required to recuse himself in proceedings "in which his impartiality might **reasonably** be questioned." 28 U.S.C. § 455(a) (emphasis added). The connections alleged by Arvie involving the undersigned are confined to the fact that he worked with Judge Davis decades ago and clerked at the Louisiana Third Circuit Court of Appeal, where

---

[1] Judge Davis is not directly involved in this suit but Arvie goes on to allege, without any support, that he has had improper contacts with defense counsel.

Judge Davis is currently seeking office, right after law school. Additionally, Arvie's unsupported assertions of improper judicial contacts appear to be a mere reworking of the allegations he has made against other judges in the claims dismissed by this court as frivolous. A reviewing court asks only how the facts "would appear to a 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person.'" *Sensley v. Albritton*, 385 F.3d 591, 599 (5th Cir. 2004) (quoting *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995)). Arvie's allegations do not come close to warranting recusal under any objective standard. To the extent he invokes the specific circumstances requiring recusal under 28 U.S.C. § 455(b), he fails to show that any of these is applicable. Accordingly, **IT IS ORDERED** that the Motion for Recusal and Motion to Alter Judgment [doc. 32] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 5th day of November, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**